WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| David Botello Otero, | CIV 16-0733-PHX-PGR (MHB) |
| Petitioner, | **REPORT AND RECOMMENDATION** |
| vs. | |
| Charles L. Ryan, et al., | |
| Respondents. | |

TO HONORABLE PAUL G. ROSENBLATT, UNITED STATES DISTRICT COURT:

Petitioner David Botello Otero, who is confined in the Arizona State Prison Complex, filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1). Respondents filed an Answer (Doc. 8), and Petitioner filed a Reply (Doc. 9).

## BACKGROUND[1]

On April 24, 2007, Petitioner was indicted on one count of first degree murder, a class 1 dangerous felony and a domestic violence offense, and one count of abandonment or concealment of a dead body, a class 5 felony. (Exh. B.) The indictment alleged that on April 11, 2007, Petitioner intending or knowing that his conduct would cause death, with premeditation, caused the death of E.C. using an extension cord, a dangerous instrument, and then knowingly moved a dead body with the intent to abandon or conceal the dead body. (Id.)

---

[1] Unless otherwise noted, the following facts are derived from the exhibits submitted with Doc. 8 – Respondents' Answer.

1  The State also alleged several aggravating circumstances other than prior convictions. (Exh.
2  C.)

3        Before trial, the parties met on more than one occasion to discuss settlement. (Exh.
4  D.) On September 10, 2008, Petitioner pled guilty to Count 1 as charged and to Count 2, as
5  a non-dangerous, non-repetitive offense. (Exhs. E-G.) Petitioner initialed all of the plea
6  agreement terms, signed the plea agreement, and confirmed – during his change-of-plea
7  hearing – the factual basis for each count, that he wished to enter into the plea agreement, and
8  that he read the entire plea agreement and it was explained to him by his attorneys. (Exhs.
9  E, G.) The court explained the rights that Petitioner was waiving by pleading guilty, which
10  Petitioner stated that he understood and was waiving them. (Id.) Petitioner then pled guilty
11  to both counts, pursuant to the plea agreement. (Id.) The court found that Petitioner's plea
12  was "knowingly, intelligently, and voluntarily made," for each count, and accepted the plea,
13  and entered it of record. (Exh. G at 20.)

14        Before sentencing, the State filed a sentencing memorandum, Petitioner filed a notice
15  of filing of letters in mitigation and other documents, and a presentence report was prepared.
16  (Exhs. H-J.) On November 14, 2008, Petitioner was sentenced in accordance with the plea
17  agreement to life imprisonment with the possibility of release after 25 years on Count 1, with
18  presentence incarceration credit of 564 days, and to 1.5 years' imprisonment on Count 2 to
19  run concurrent with Count 1. (Exhs. K, L.) Also on November 14, 2008, Petitioner received
20  and acknowledged receipt of his rights of review after conviction. (Exh. M.)

21        On February 27, 2009, Petitioner filed an of-right PCR notice. (Exh. N.) On March
22  12, 2009, the trial court appointed counsel to represent Petitioner in his PCR proceedings.
23  (Exh. O.) After requesting and receiving several extensions of time, on July 20, 2011,
24  counsel filed a notice of completion of PCR review, listing what she had reviewed and
25  stating that she was unable to find any claims for relief. Counsel requested an extension of
26  time to allow Petitioner to file a pro per PCR petition. (Exh. P.)

27

28

On January 12, 2012, Petitioner filed a pro per PCR petition asserting that his counsel was ineffective for failing to: (1) challenge the grand jury proceedings; (2) suppress his confession to the police; and (3) correct the State's incorrect and unfair characterization of his crimes at sentencing. (Exh. Q.) Petitioner further asserted that he pled guilty because of counsel's errors and asked the court to vacate his guilty pleas and sentences or reduce the charge to second-degree murder. (Id.)

On March 17, 2012, after the State responded and Petitioner replied, the trial court dismissed Petitioner's PCR petition. (Exhs. S, T.) The trial court first restated the claims raised by Petitioner as follows:

> 1. Counsel was ineffective for failing to challenge defendant's grand jury indictment for lack of probable cause under Rule 12.9 of the Arizona Rule of Criminal Procedure.
>
> 2. The prosecutor engaged in misconduct by presenting false information and perjured testimony to the grand jury in order to obtain a first degree murder indictment.
>
> 3. The false allegation that the victim suffered blunt force trauma, which was presented to the grand jury, denied defendant his due process rights.
>
> 4. The prosecutor falsely alleged that there was premeditation in this case.
>
> 5. Counsel was ineffective for failing to file a motion to suppress his coerced confession; the confession was coerced because his parents were denied access to him and he was a juvenile; and also because he was under the influence of methamphetamine.
>
> 6. Counsel was ineffective in advising defendant that a motion to suppress his confession had been filed and denied.
>
> 7. Counsel was ineffective in failing to challenge the prosecutor's unfair representations about defendant at sentencing.

(Exh. T at 2.) The trial court found claims 1 through 4 waived by Petitioner's plea of guilty, but even assuming they were not waived, they were not colorable because there was probable cause to believe the killing was premeditated. (Id. at 3.) Specifically, the court stated:

> Here, the factual basis of the plea is sufficient to establish probable cause for the crime of premeditated murder. The defendant did not instantly kill the victim. He mulled over her statement that their baby might not be his, he left the bed, picked up an electrical cord, returned to the bed and then killed the victim over the course of a ten to fifteen minute struggle. So even if trial

1
2
   counsel had timely filed a motion to challenge the grand jury proceedings under Rule 12.9, there was probable cause to believe the killing was premeditated.

3
4
  The trial court additionally found Claim 5 meritless, Claim 6 conclusory and therefore without merit, and Claim 7 belied by the record and meritless.

5
6
7
8
9
10
11
12
13
14
15
16
17
  Petitioner then filed a pro per motion for rehearing. (Exh. U.) The trial court denied the motion for rehearing, except on the issue of whether Petitioner would have entered into a plea agreement had he known that no motion to suppress his statements had been filed, and the trial court found that Petitioner was entitled to an evidentiary hearing. (Exh. V.) At a hearing on October 31, 2012, Petitioner's trial counsel, Vikki Liles and Michael Eskander, and Petitioner testified. (Exhs. W, X.) Specifically regarding the motion to suppress, trial counsel testified that they never told Petitioner that a motion to suppress had been filed and denied by the court. (Exhs. X at 12-16, 20-22, 26, 30, 33-34, 37-38, 41-42, 46-47; Y at 2.) Additionally, Petitioner testified that neither counsel ever told him that a motion to suppress had been filed and denied; rather Petitioner claimed he inferred this. (Exhs. X at 50-51, 59-60; Y at 2.) On December 10, 2012, the trial court denied Petitioner's motion for rehearing, finding that Petitioner failed to establish that his counsel was ineffective at any time, during the plea proceedings or otherwise. (Exh. Y.)

18
19
20
21
22
23
  On April 5, 2013, Petitioner filed a petition for review by the Arizona Court of Appeals, restating his claims. (Exh. Z.) On August 26, 2014, after the State filed a response, the appellate court granted review, but denied relief. (Exh. AA; Doc. 1 at 43-45.) On September 26, 2014, Petitioner petitioned for review by the Arizona Supreme Court. (Exh. BB.) On March 17, 2015, after the State filed a notice of acknowledgment, the Arizona Supreme Court summarily denied review. (Exh. CC; Doc. 1 at 47.)

24
25
  On March 17, 2016, Petitioner filed the instant habeas petition Court raising six grounds for relief:

26
27
   (1) Petitioner's Fifth and Sixth Amendment rights were violated during grand jury proceedings;

28
- 4 -

(2) Petitioner was denied effective assistance of counsel during grand jury proceedings, in violation of the Sixth Amendment;

(3) Petitioner's Fifth Amendment rights were violated when his involuntary and incriminating statements were not suppressed;

(4) Petitioner's counsel was ineffective for failing to file a motion to suppress;

(5) Petitioner's counsel was ineffective, in violation of the Sixth Amendment, for failing to object to the state's unreasonable characterization of Petitioner at sentencing; and

(6) Petitioner's plea agreement violated his Fifth and Sixth Amendment rights because his counsel was ineffective throughout the case and counsel's advice to plead guilty was unreasonable.

(Doc. 3 at 1-2.)

## DISCUSSION

In their Answer, Respondents contend that Grounds One through Four, and Six are barred by Petitioner's guilty plea. Respondents also assert that Ground Five fails on the merits. As such, Respondents request that the Court deny and dismiss Petitioner's habeas petition with prejudice.

**A.   Merits**

Pursuant to the AEDPA[2], a federal court "shall not" grant habeas relief with respect to "any claim that was adjudicated on the merits in State court proceedings" unless the state court decision was (1) contrary to, or an unreasonable application of, clearly established federal law as determined by the United States Supreme Court; or (2) based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d); Williams v. Taylor, 529 U.S. 362, 412-13 (2000) (O'Connor, J., concurring and delivering the opinion of the Court as to the AEDPA standard of review). "When applying these standards, the federal court should review the 'last reasoned decision' by a state court ... ." Robinson, 360 F.3d at 1055.

---

[2] Antiterrorism and Effective Death Penalty Act of 1996.

- 5 -

A state court's decision is "contrary to" clearly established precedent if (1) "the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or (2) "if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme Court] and nevertheless arrives at a result different from [its] precedent." Williams, 529 U.S. at 404-05. "A state court's decision can involve an 'unreasonable application' of Federal law if it either 1) correctly identifies the governing rule but then applies it to a new set of facts in a way that is objectively unreasonable, or 2) extends or fails to extend a clearly established legal principle to a new context in a way that is objectively unreasonable." Hernandez v. Small, 282 F.3d 1132, 1142 (9th Cir. 2002).

In Ground Five, Petitioner asserts that his Sixth Amendment rights were violated when his counsel did not object to the State's allegedly unreasonable characterization of him at sentencing. Specifically, Petitioner contends that the State falsely advised the court that the he continuously beat the victim.

In his PCR petition, as set forth in claim 7 as construed by the trial court, Petitioner asserted that his counsel was ineffective for failing to challenge the prosecutor's unfair representations about Petitioner at sentencing. (Exhs. Q at 24-25; T at 2.) The PCR court found this claim meritless stating, "Defendant complains that trial counsel was ineffective for failing to challenge misrepresentations about him in the record. However, as the State has pointed out, the record at sentencing belies this assertion. This claim is without merit." (Exh. T at 5.) On the petition for review from the PCR court's denial of Petitioner's PCR petition, the appellate court adopted the trial court's ruling dismissing Petitioner's PCR petition. (Doc. 1 at 45.) The Court finds that the PCR court's finding that counsel was not ineffective was neither an unreasonable determination of the facts, nor an unreasonable application of Strickland v. Washington, 466 U.S. 668 (1984).

The two-prong test for establishing ineffective assistance of counsel was established by the Supreme Court in Strickland. In order to prevail on an ineffective assistance claim, a convicted defendant must show (1) that counsel's representation fell below an objective

1  standard of reasonableness, and (2) that there is a reasonable probability that, but for
2  counsel's unprofessional errors, the result of the proceeding would have been different. See
3  id. at 687-88.

4        Regarding the performance prong, a reviewing court engages a strong presumption
5  that counsel rendered adequate assistance, and exercised reasonable professional judgment
6  in making decisions. See id. at 690. "[A] fair assessment of attorney performance requires
7  that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the
8  circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's
9  perspective at the time." Bonin v. Calderon, 59 F.3d 815, 833 (9th Cir. 1995) (quoting
10 Strickland, 466 U.S. at 689). Moreover, review of counsel's performance under Strickland
11 is "extremely limited": "The test has nothing to do with what the best lawyers would have
12 done. Nor is the test even what most good lawyers would have done. We ask only whether
13 some reasonable lawyer at the trial could have acted, in the circumstances, as defense counsel
14 acted at trial." Coleman v. Calderon, 150 F.3d 1105, 1113 (9th Cir.), judgment rev'd on other
15 grounds, 525 U.S. 141 (1998). Thus, a court "must judge the reasonableness of counsel's
16 challenged conduct on the facts of the particular case, viewed as of the time of counsel's
17 conduct." Strickland, 466 U.S. at 690.

18       If the prisoner is able to satisfy the performance prong, he must also establish
19 prejudice. See id. at 691-92; see also Smith v. Robbins, 528 U.S. 259, 285 (2000) (burden
20 is on defendant to show prejudice). To establish prejudice, a prisoner must demonstrate a
21 "reasonable probability that, but for counsel's unprofessional errors, the result of the
22 proceeding would have been different." Strickland, 466 U.S. at 694. A "reasonable
23 probability" is "a probability sufficient to undermine confidence in the outcome." Id. A court
24 need not determine whether counsel's performance was deficient before examining whether
25 prejudice resulted from the alleged deficiencies. See Smith, 528 U.S. at 286 n.14. "If it is
26 easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice,
27
28

1  which we expect will often be so, that course should be followed." Id. (quoting Strickland,
2  466 U.S. at 697).

3  In reviewing a state court's resolution of an ineffective assistance of counsel claim,
4  the Court considers whether the state court applied Strickland unreasonably:

> For [a petitioner] to succeed [on an ineffective assistance of counsel claim], ... he must do more than show that he would have satisfied Strickland's test if his claim were being analyzed in the first instance, because under § 2254(d)(1), it is not enough to convince a federal habeas court that, in its independent judgment, the state-court decision applied Strickland incorrectly. Rather, he must show that the [state court] applied Strickland to the facts of his case in an objectively unreasonable manner.

Bell v. Cone, 535 U.S. 685, 698-99 (2002) (citations omitted); see also Woodford v. Visciotti, 537 U.S. 19, 24-25 (2002) ("Under § 2254(d)'s 'unreasonable application' clause, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the state-court decision applied Strickland incorrectly. Rather, it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner.") (citations omitted).

Here, Petitioner has not satisfied either prong of Strickland. First, the Court finds that Petitioner's counsel's performance was not deficient for failing to challenge alleged false representations by the State at sentencing. The record specifically reveals that counsel took exception to the State's characterization of the offense, provided mitigation to the trial court in letter form, and argued at length for the court to accept the terms set forth in the plea agreement. (Exhs. L, I.) Moreover, in its sentencing memorandum, the State discussed that the "autopsy revealed the cause of death to be strangulation, with secondary blunt force trauma to the head." (Exh. H at 2.) At sentencing, when the discussing the crime, the State told the court, "[t]he defendant himself felt the life slip out of [the victim] and continued to squeeze and continued to strangle and continued to beat her head during the course of this struggle." (Exh. L at 11.) The Court finds that the State's description of Petitioner's conduct at sentencing was consistent with the description of the autopsy report set forth in the sentencing memorandum stating that the victim died of strangulation with "secondary blunt

- 8 -

1 force trauma to the head." Accordingly, Petitioner's counsel could not have challenged the
2 State's characterization that Petitioner also beat the victim.

3 Additionally, Petitioner was also not prejudiced by the State's characterization. The
4 plea agreement set forth that the stipulated sentence for the first degree murder offense would
5 be life in prison with the possibility of release after 25 years, which is the same sentence
6 Petitioner received, such that any alleged false statements by the State at sentencing did not
7 affect Petitioner's sentence. (Exhs. E at ¶ 2, G at 11-12; Exh. L at 24, 27.)

8 Because Petitioner cannot establish either deficient performance or prejudice, he
9 cannot demonstrate that the PCR court's finding that this claim was meritless was either an
10 unreasonable determination of the facts, or an unreasonable application of Strickland.

11 **B.   Grounds One through Four, and Six**

12 The Supreme Court has made clear that when a defendant was convicted pursuant to
13 a guilty plea and later seeks collateral relief based on asserted constitutional errors that
14 occurred before that plea was entered, he is barred, with few exceptions, from obtaining such
15 relief.

> A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence. Accordingly, when the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary. If the answer is in the affirmative, then the conviction and the plea, as a general rule, foreclose the collateral attack.

20 United States v. Broce, 488 U.S. 563, 569 (1989); see also Mitchell v. Superior Court, 632
21 F.2d 767, 769 (9th Cir. 1980) ("As a general rule, one who has voluntarily and intelligently
22 pled guilty to a criminal charge may not subsequently seek federal habeas relief on the basis
23 of pre-plea constitutional violations.").

24 In Tollett v. Henderson, 411 U.S. 258 (1973), the Supreme Court established, and
25 explained the basis for, the bar on federal habeas claims based on pre-plea constitutional
26 violations:

- 9 -

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent nature of the plea by showing that the advice he received from counsel was [inadequate].

Id. at 267.

Since Tollett, the Supreme Court has recognized that the bar on attacking pre-plea constitutional errors does not apply when the pre-plea error is jurisdictional. See United States v. Johnston, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999). Pre-plea error is "jurisdictional," when it implicates the government's power to prosecute the defendant. See id.; Broce, 488 U.S. at 574-76. For example, Tollett does not foreclose a claim that: a defendant was vindictively prosecuted, Blackledge v. Perry, 417 U.S. 21, 30-31 (1974); the indictment under which a defendant pled guilty placed him in double jeopardy, Menna v. New York, 432 U.S. 61, 62 (1975); or the statute under which the defendant was indicted is unconstitutional or unconstitutionally vague on its face, United States v. Garcia-Valenzuela, 232 F.3d 1003, 1006 (9th Cir. 2000).

With respect to ineffective assistance of counsel claims based on pre-plea events, whether or not such claims will be barred depends, as Tollett indicates, see 411 U.S. at 266-67, on the relationship of the conduct challenged to the validity of the plea. When the nature of the ineffective assistance claim calls into question the voluntary and intelligent character of the plea, the claim likely is not barred under Tollett. However, when the nature of the ineffective assistance claim does not raise any such question, the Tollett bar will apply.

In Ground One, Petitioner argues that the grand jury indictment violated his rights under the Fifth and Sixth Amendments because the proceedings were tainted with false and inaccurate information, prosecutor and witness misconduct, unfair and impartial presentation of evidence, and improper influencing and controlling the grand jury's decision. Regarding his allegation of prosecutor and witness misconduct, in both his Petition and reply, Petitioner claims that the prosecutor allowed false testimony to infect the grand jury proceedings,

1  substituted the "passage of time for the element of premeditation," and did not present all of
2  the relevant facts. In Ground Two, Petitioner argues that counsel was ineffective for failing
3  to challenge the grand jury indictment.

4  Grounds One and Two do not present any jurisdictional claims. Additionally,
5  Petitioner does not argue or establish in these grounds for relief that his guilty plea was
6  involuntary, and the record does not support such a finding. A review of Petitioner's plea
7  agreement and change-of-plea proceedings reveal that Petitioner voluntarily and intelligently
8  pleaded guilty. And, at the evidentiary hearing, counsel testified about the reasons she
9  advised Petitioner to take the plea and that she reviewed the plea agreement with Petitioner
10 "word for word." Consequently, Petitioner cannot seek federal habeas review on the basis
11 that the grand jury indictment violated his constitutional rights or conversely that his counsel
12 was ineffective for failing to challenge the grand jury indictment.

13 Furthermore, Petitioner's claim of prosecutorial misconduct lacks merit. In Ground
14 One, Petitioner briefly alleges a "prosecutorial misconduct" allegation, but he does not
15 include any facts to support the claim. Instead, Petitioner simply alleges in both his Petition
16 and reply, that the prosecutor allowed false testimony to infect the grand jury proceedings,
17 substituted the "passage of time for the element of premeditation," and did not present all of
18 the relevant facts. Petitioner presents no other information in the Petition or reply to support
19 his claim.

20 In a federal habeas proceeding, a district court's review of prosecutorial misconduct
21 claims is "'the narrow one of due process, and not the broad exercise of supervisory power
22 that [it] would possess in regard to [its] own trial court.'" Darden v. Wainwright, 477 U.S.
23 168, 181 (1986) (quoting Donnelly v. DeChristoforo, 416 U.S. 637, 642 (1974)). To obtain
24 relief, a petitioner must show a prosecutor's actions "so infected the trial with unfairness as
25 to make the resulting conviction a denial of due process." Id. (quoting Donnelly, 416 U.S.
26 at 643). "On habeas review, constitutional errors of the 'trial type,' including prosecutorial
27 misconduct, warrant relief only if they 'had substantial and injurious effect or influence in

- 11 -

determining the jury's verdict.'" Wood v. Ryan, 693 F.3d 1104, 1113 (9th Cir. 2012) (quoting Brecht v. Abrahamson, 507 U.S. 619, 637-38 (1993) (internal quotation marks omitted)).

Here, Petitioner's sparse allegations of prosecutorial misconduct fail to assert a violation of the Due Process Clause or any other "violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Moreover, nothing about the allegations themselves demonstrates that any misconduct so infected the proceedings that it rose to the level of a constitutional violation. Having failed to assert, or present sufficient facts to show, that the alleged prosecutorial misconduct rose to the level of a due process violation, Petitioner's claim is not cognizable on federal habeas review.

In Ground Three, Petitioner argues that he was "forced to face incriminating statements," that his statements were involuntary "because there was no motion to suppress filed," and that police misconduct "overbore [his] free will." In Ground Four, Petitioner argues that counsel was ineffective because counsel advised that they would file a motion to suppress and led Petitioner to believe that such a motion had been filed and denied.

Grounds Three and Four are also precluded by Petitioner's guilty plea. The claim alleged in Ground Three and Petitioner's ineffective assistance of counsel claim set forth in Ground Four do not attack the knowing, voluntary, or intelligent nature of his plea, but instead relate to an earlier alleged constitutional deprivation. Thus, Petitioner's claims do not fall within the limited scope of pre-plea jurisdictional defect cases in which Tollett has been held inapplicable. In fact, the Ninth Circuit has held that ineffective assistance of counsel claims based on the failure to file a motion to suppress are precluded under Tollett. See, e.g., United States v. Ramos, 275 Fed. Appx. 581, 582 (9th Cir. 2008) (holding the "entry of his guilty plea waived all other pre-plea ineffective assistance claims" including those regarding a motion to suppress) (unpublished); Moran v. Godinez, 40 F.3d 1567, 1577 (9th Cir. 1994); (refusing to consider the claim that defense counsel was ineffective for failing to challenge the defendant's confession, because it was an "assertion of an alleged pre-plea constitutional violation") (amended on other grounds by Moran v. Godinez, 57 F.3d 690 (9th Cir. 1994));

- 12 -

United States v. Bonn, 956 F.2d 208, 209 (9th Cir. 1992) (holding the petitioner's guilty plea waived his claim that counsel was ineffective at an in camera hearing); United States v. Chavez, 2002 WL 31971945 at *3-4 (D. Or. Jul. 3, 2002) (claim that counsel was ineffective based on an alleged failure to file pretrial motions, investigate, request discovery, and cross-examine arresting officers was foreclosed by guilty plea). Therefore, Petitioner cannot seek federal habeas review on the basis that his statements were involuntary or that his counsel was ineffective for failing file a motion to suppress challenging the voluntariness of his statements.

In Ground Six, Petitioner argues that the plea agreement was in violation of his Fifth and Sixth Amendment rights because counsel's advice to plead guilty was unreasonable based on what occurred before the plea agreement regarding the grand jury and Petitioner's statements to police. Ground Six is a combination of Grounds Two and Four. Again, Petitioner fails to present any jurisdictional claims, and he does not argue or demonstrate that his guilty plea was involuntary. For the same reasons that Grounds 2 and 4 are barred by his guilty plea, Ground 6 is also barred.

## CONCLUSION

Having determined that Grounds One through Four, and Six are barred by Petitioner's guilty plea, and that part of Ground One and Ground Five fail on the merits, the Court will recommend that Petitioner's Petition for Writ of Habeas Corpus be denied and dismissed with prejudice.

**IT IS THEREFORE RECOMMENDED** that Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) be **DENIED** and **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER RECOMMENDED** that a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal be **DENIED** because Petitioner has not made a substantial showing of the denial of a constitutional right.

- 13 -

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment. The parties shall have fourteen days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a), 6(b), Federal Rules of Civil Procedure. Thereafter, the parties have fourteen days within which to file a response to the objections. Pursuant to Rule 7.2, Local Rules of Civil Procedure for the United States District Court for the District of Arizona, objections to the Report and Recommendation may not exceed seventeen (17) pages in length. Failure timely to file objections to the Magistrate Judge's Report and Recommendation may result in the acceptance of the Report and Recommendation by the district court without further review. See United States v. Reyna-Tapia, 328 F.3d 1114, 1121 (9th Cir. 2003). Failure timely to file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation. See Rule 72, Federal Rules of Civil Procedure.

DATED this 9th day of December, 2016.

*Michelle H. Burns*
Michelle H. Burns
United States Magistrate Judge